IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

QUINTON D MARTINEZ and
REBECCA MARTINEZ                                                PLAINTIFFS

v.                            No. 3:16-cv-257-DPM

CINCINNATI INCORPORATED
and MARTIN MACHINE & TOOL INC.                                   DEFENDANTS

PLAZA INSURANCE COMPANY                                          INTERVENOR

ORDER

Quinton and Rebecca Martinez have sued Cincinnati Incorporated and Martin Machine & Tool, Inc. They say Cincinnati manufactured, and Martin distributed, a defective and unreasonably dangerous press brake that injured Quinton on the job at American Sports Medical Industries. Martin, which is based in Tennessee and sold this used press brake to American there, moves to dismiss for want of personal jurisdiction. Martin has asked for an evidentiary hearing, but the press of other business hasn't allowed this Court to hold one. The question presented is whether, taking the affidavits and other evidentiary materials in the light most favorable to Martinez,* and

---

*The Court will use the singular to refer to both plaintiffs.

resolving disputed facts in Martinez's favor, he has made a *prima facie* showing on personal jurisdiction. *Dakota Industries, Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991); *Dairy Farmers of America, Inc. v. Bassett & Walker International, Inc.*, 702 F.3d 472, 474–75 (8th Cir. 2012). Arkansas law extends jurisdiction as far as the Due Process Clause allows. ARK. CODE ANN. § 16-4-101(B). Is it consistent with due process — fair and reasonable — to make Martin defend this machine in Arkansas? *Viasystems Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 594 (8th Cir. 2011).

**General Jurisdiction?** Martinez argues that Martin's marketing, sales, and service create continuous, systematic, and substantial contacts with Arkansas; Martinez is saying that, in the Supreme Court's phrase, Martin is essentially at home here. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The Court disagrees. The company is rooted in Tennessee. It doesn't advertise or attend trade shows in Arkansas. It doesn't sell products in Arkansas. It doesn't solicit business in Arkansas. Martin has a website, which of course reaches Arkansawyers and anyone else with an internet connection. This website, though, is passive; it provides information but no way to order things. That's insufficient under precedent. *Lakin v.*

*Prudential Securities, Inc.*, 348 F.3d 704, 711 (8th Cir. 2003). In the last twenty-seven years, Martin has made nine sales in Tennessee to people and companies with an Arkansas address. The sum of all this is not the continuous and systematic presence that creates general jurisdiction in Arkansas.

**Specific Jurisdiction?** This issue is closer — particularly because of some uncertainty around telephone calls and correspondence leading up to the sale. Some things are clear. American (in Arkansas) reached out to Martin (in Tennessee) about buying the used press brake. All material parts of the transaction occurred in Tennessee. Delivery was not part of the deal. No Martin employee brought the press brake to Arkansas or shipped this machine to Arkansas; American had it shipped here. *Compare, Papachristou v. Turbines, Inc.*, 902 F.2d 685, 686 (8th Cir. 1990). And the money changed hands in person in Tennessee.

In response to the distance created between Martin and Arkansas by all those facts, Martinez emphasizes some pre-sale communications, which are documented in a post-suit letter, and a statement by one of Martin's officers in a post-suit affidavit. Interstate communications may show a non-resident

purposefully availing himself of a forum. Or they may not. It depends on what's said and done in these communications. *Compare Aaron Ferer & Sons Co. v. Atlas Scrap Iron and Metal Co.*, 558 F.2d 450, 455 (8th Cir. 1977), *with Wells Dairy, Inc. v. Food Movers International, Inc.*, 607 F.3d 515, 520 (8th Cir. 2010). Greg Davidson, Martin's president, said this: "American Sports Medical [Industries] was advised several times in writing prior to the purchase of the press (through the general manager and purchasing agent Jim Shaw) [:] That this equipment was purchased: 'as is,' 'as shown' unless otherwise specified in writing." № 38-1. The reasonable inference is that Martin corresponded with American, an Arkansas-based company, about the potential sale. But, without more, this kind of interstate communication is not enough to support jurisdiction. *E.g., Mountaire Feeds, Inc. v. Agro Implex, S.A.*, 677 F.2d 651, 656 (8th Cir. 1982). Next, the affidavit. Spydell Davidson, Martin's vice president, testified that "We are a Tennessee corporation and only do business in Arkansas if a potential buyer seeks our assistance." № 3-3. That's an admission, Fed. R. Evid. 801(d)(2), but loose words go only so far. Consider the context. This affidavit accompanied Martin's first responding papers, filed *pro se*, papers that included a challenge to personal jurisdiction. With a

lawyer's help, Martin has now filled the record with details about how and where the company does its business. Martinez hasn't really challenged or supplemented that showing, and Spydell Davidson's characterization can't change the facts.

The Court has weighed all five material considerations. *Viasystems, Inc.*, 646 F.3d at 594; *Aly v. Hanzada For Import & Export Company, Ltd.*, 2017 WL 1089542 at *3 (8th Cir. 6 May 2017). It would be both unfair and unreasonable, contrary to due process, to make Martin defend this case here because its connections with Arkansas in the sale of this machine to American were so thin.

\* \* \*

Motion, № 33, granted. The claims against Martin Machine & Tool Inc. are dismissed without prejudice for lack of personal jurisdiction.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

26 May 2017